| | |
|---|---|
| J. Noah Hagey, Esq. (SBN: 262331)<br>    hagey@braunhagey.com<br>J. Tobias Rowe, Esq. (SBN: 305596)<br>    rowe@braunhagey.com<br>BRAUNHAGEY & BORDEN LLP<br>220 Sansome Street, 2nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 599-0210<br>Facsimile: (415) 276-1808<br><br>ATTORNEYS FOR PLAINTIFF<br>WHOLE E NATURE, LLC | |

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHOLE E NATURE, LLC a California limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>THE WONDERFUL COMPANY, LLC, d/b/a POM Wonderful, a California limited liability company, and Does 1-20,<br><br>    Defendant(s). | Case No. **'17CV0010 LAB KSC**<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Whole E Nature, LLC ("Plaintiff") brings this Complaint against Defendant The Wonderful Company LLC, d/b/a POM Wonderful ("POM") and alleges, on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

## INTRODUCTION

1. Plaintiff brings this action for declaratory relief to protect its brand from a baseless threat of trademark infringement litigation by POM. Plaintiff produces a line of beverages made with coconut oil; this super-drink is sold under the trademark WONDER FUEL.

2. POM has asserted that Plaintiff's use of the WONDER FUEL mark on its products somehow infringes and/or dilutes POM's existing marks, even though the products are different, the trade dress is different, there exists "Wonderful" trademarks and brands other than POM's, and there is no possibility that consumers have confusion between the two brands. POM has threatened to enjoin Plaintiff's sales or to recoup proceeds from sales during the period. These threats have put Plaintiff under a cloud of risk as it continues to grow and expand its market.

3. Plaintiff accordingly seeks a declaration that its use of the trademark WONDER FUEL does not infringe, dilute, or otherwise violate POM's trademark rights, and that its pending USPTO application for the WONDER FUEL mark be issued.

## THE PARTIES

4. Plaintiff is a California limited liability company with its principal place of business at 888 Prospect Street, Suite 200, La Jolla, CA 92037. Plaintiff is the successor-in-interest to Amnistad, LLC, which transferred all rights and interests in the WONDER FUEL trademark at issue.

5. On information and belief, POM is a California limited liability company with its principal place of business at 11444 W Olympic Blvd, 10th Floor, Los Angeles, CA 90064.

## JURISDICTION

6. This Court has original jurisdiction over the claim for declaratory relief under 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act) and 15 U.S.C. § 1051 et seq. (the Trademark Act), as well as under 28 U.S.C. §§ 1331 and 1338, because Plaintiff brings this action

1
COMPLAINT FOR DECLARATORY RELIEF

for the purpose of determining a question of actual controversy between the parties arising under the trademark laws of the United States.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this Complaint occurred in this judicial district.

8. This is an intellectual property action and thus may be assigned to a division of the Court on a district-wide basis.

## BACKGROUND

### A. Plaintiff and the WONDER FUEL Brand

9. Plaintiff is a small start-up company that makes exclusively vegan, organic superfood drinks, which are sold under the WONDER FUEL mark and brand.

10. The WONDER FUEL products were conceived by Plaintiff's founder Sioma Waisburd when he traveled to India to study Ayurvedic medicine. He had always loved coconuts, but during his time in India, he realized the potential of bringing the energy-providing benefits of coconut oil to the United States in beverage form: WONDER FUEL.

11. The WONDER FUEL products are unique in that they contain coconut oil, which is a natural source of Medium Chain Triglycerides (MCT). As Sioma discovered in India, MCT has been used for centuries as a source of quick, natural physical and mental energy that does not lead to a "crash." MCT is increasingly recognized by United States consumers as a desirable ingredient for its energy-boosting qualities. Coconut oil ingestion is becoming more and more widespread, as consumers seek out products that contain coconut oil as an alternative to less natural sources of energy.

12. WONDER FUEL products are growing in popularity because their most significant ingredient is coconut oil, which consumers specifically look for in their superfood beverages. WONDER FUEL products contain no fruit (aside from the coconut oil, coconut water and coconut milk) or fruit juices. There are two variations on the original flavor WONDER FUEL coconut oil superfood beverage: coffee and mocha flavors. As the WONDER FUEL products are an energy-boosting superfood, the Coffee and Mocha flavors, which combine MCT energy with the caffeine from coffee, were a natural expansion of the line.

13. WONDER FUEL products have been sold under the WONDER FUEL mark since January 2016.

14. Plaintiff has common law trademark rights in the WONDER FUEL mark. WONDER FUEL is a unique coined phrase that Sioma came up with to describe his unusual superfood products and their energy-producing qualities, i.e., "fuel," whose textbook definition is a material burned to produce power and energy. WONDER FUEL products have been sold since at least as early as January 2016 and consumers associate the WONDER FUEL mark with Plaintiff's MCT-fortified beverages.

15. On July 7, 2015, Amnistad, LLC applied for registration at the U.S. Patent and Trademark Office ("USPTO") for WONDER FUEL in connection with "Organic ready-to-drink nutritionally fortified beverages." The USPTO assigned this application U.S. Serial No. 86685408 (the "Application"). The USPTO reviewed the Application and determined that there were no conflicting marks that would bar registration of the WONDER FUEL mark in the Application. The USPTO approved the Application for publication, and the Application was published on February 2, 2016.

16. The PTO later approved and published for opposition the WONDER FUEL mark. In doing so, it implicitly found that there was no likely confusion with other existing marks, including any of POM's registered WONDERFUL marks or the hundreds of other registered marks with WONDERFUL in their name.

**B.   POM's Baseless Allegations and Threats to Sue**

17. In April 2016, POM contacted counsel for Plaintiff to allege that Plaintiff's WONDER FUEL mark and application infringed POM's trademark. POM demanded that Plaintiff cease selling the products. POM indicated that it would take all legal measures to enjoin Plaintiff's further use. POM's representative stated that the company would allow Plaintiff to "sell off" the existing products, but that any future sales would be subject to possible lawsuit for injunctive relief.

18. On May 31, 2016, POM filed opposition papers in the USPTO challenging Plaintiff's mark. POM claims that Plaintiff infringes at least three registrations (the "POM Marks"): POM WONDERFUL (Reg. No. 2780314), POM WONDERFUL (Reg. No. 2864641), A

HEALTHY DOSE OF WONDERFUL (Reg. No. 4965046), and WONDERFUL (Reg. No. 4897336).

19.  POM alleges that Plaintiff's use and registration of WONDER FUEL "is likely to cause confusion, deception and/or mistake among the relevant public." POM further claims that "[t]he purchasing public is likely to be led to believe that goods bearing the WONDER FUEL Mark emanate from or are approved, licensed, sponsored by, or in some other way legitimately connected with or affiliated with, Opposer or that Applicant and its business are owned by or are affiliated with Opposer and its business," and that "[i]f Applicant is permitted to use the WONDER FUEL Mark as specified in the Application, confusion in trade resulting in damage and injury to Opposer would be caused and would result by reason of the similarity between the WONDER FUEL Mark and the WONDERFUL Marks."

20.  POM further contends that Plaintiff's "registration of and any future use of the WONDER FUEL Mark on Applicant's products is likely to cause dilution of [POM's] famous WONDERFUL® Marks by impairing the distinctiveness of the WONDERFUL® Marks (blurring)."

21.  However, due to differences in the trademarks and their listed goods, Plaintiff's use and Application for WONDER FUEL in connection with "Organic ready-to-drink nutritionally fortified beverages," in particular, beverages containing coconut oil, is not likely to cause confusion with POM's claimed trademarks.

22.  The overall commercial impression projected by the marks, including how the marks are actually used, also demonstrates that there can be no likelihood of confusion. As seen below, the products are presented in entirely different ways via trade dress and the overall look and



1  feel.  In specific, the trade dress of Plaintiff's WONDER FUEL product emphasizes the separate
2  nature of the two words "wonder" and "fuel," places a coconut front and center, and is dressed in
3  packaging that is light-colored and full of information about the product's coconut oil-based
4  benefits.

5      23.    WONDER FUEL products are sold in a traditional multi-colored bottle and project a
6  whimsical, bubbly impression that emphasize that coconut, fuel, and energy are essential aspects of
7  the brand.

8      24.    POM's juice products, by contrast, emphasize the house mark POM in super-sized
9  script (as opposed to the word "wonderful"), and its packaging is spare and dark-colored – using a
10 distinctive clear "hourglass" bottle and dark juice:



22     25.    POM also has alleged that WONDER FUEL somehow dilutes POM's mark.  This
23 theory is even more unlikely because it would require POM to establish that consumers view
24 "WONDERFUL" as essentially the same as the word mark WONDER FUEL.  Plaintiff is unaware
25 of any such confusion and POM has failed to cite any.

26     26.    Following POM's filings, Plaintiff made good faith efforts to understand and
27 address POM's concerns.  Plaintiff was aware of POM's aggressive reputation in the market –
28 where it has routinely sued companies for trademark infringement and dilution:  *See, e.g.*, *POM*

*Wonderful LLC v. Caspian International Inc. et al.*, Case No. 2:2013-cv-08869 (C.D. Cal. 2013); *POM Wonderful LLC v. American Dairy Queen Corp. et al.*, Case No. 2:2013-cv-07555 (C.D. Cal. 2013); *POM Wonderful LLC v. Pur Beverages LLC et al.*, Case No. 2:2013-cv-06917 (C.D. Cal. 2013); *POM Wonderful LLC v. Meyer Valley Farms LLC et al.*, Case No. 2:2011-cv-04039 (C.D. Cal. 2011); *POM Wonderful LLC v. Starbuzz Tobacco Inc. et al.*, Case No. 8:11-cv-00017 (C.D. Cal. 2011); *POM Wonderful LLC v. Organic Juice USA, Inc. et al.*, Case No. 1:2009-cv-04916 (S.D.N.Y 2009); *POM Wonderful LLC v. Ocean Spray Cranberries, Inc. et al.*, Case No. 2:2009-cv-00565 (C.D. Cal. 2009); *POM Wonderful LLC v. Tropicana Products, Inc. et al.*, Case No. 2:2009-cv-00566 (C.D. Cal. 2009); *POM Wonderful LLC v. Welch Foods, Inc. et al.*, Case No. 2:2009-cv-00567 (C.D. Cal. 2009); *POM Wonderful LLC v. Sheerbliss Ice Cream, LLC et al.*, Case No. 2:2008-cv-06556 (C.D. Cal. 2008); *POM Wonderful LLC v. The Coca Cola Company et al.*, Case No. 2:2008-cv-06237 (C.D. Cal. 2008); *POM Wonderful LLC v. Fresherized Foods, Inc. et al.*, Case No. 2:2008-cv-06217 (C.D. Cal. 2008); *POM Wonderful LLC v. Agrolabs Inc. et al.*, Case No. 2:13-cv-07555 (C.D. Cal. 2005); *POM Wonderful LLC v. Geni Inc - Good Earth Nutritional Ingredients Inc. et al.*, 2:05-cv-04647-FMC-SS (C.D. Cal. 2005).

27. In August and September 2016, Counsel for Plaintiff contacted POM's counsel by phone and in writing, asking POM to withdraw its opposition and to refrain from taking legal action against Plaintiff. POM, through its counsel, refused to withdraw its opposition, and refused to waive any right to challenge Plaintiff's use of the WONDER FUEL mark or to seek an injunction. POM's counsel again indicated that Plaintiff's use of its mark constituted trademark infringement and that sales of WONDER FUEL products were improper.

28. Plaintiff is actively engaged in selling its products and growing its brand. It cannot continue to do business under the cloud of uncertainty raised by POM's threats and allegations. Plaintiff accordingly seeks swift resolution of the questions of trademark infringement, dilution, and any other violation of trademark rights.

## CAUSE OF ACTION

**Declaratory Judgment**

(28 U.S.C. §§ 2201 and 2202)

29.     Plaintiff realleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

30.     As a result of the actions and statements of POM, there is an actual controversy between Plaintiff and Defendant POM as to the parties' rights and legal relations associated with each party's use of their respective marks.  Under all of the circumstances, an immediate, real, and substantial controversy exists between the parties, who have adverse legal interests.

31.     Plaintiff has used and intends to continue to use the WONDER FUEL mark in interstate commerce.

32.     POM has alleged that Plaintiff's use of the WONDER FUEL mark creates a likelihood of confusion and dilution of the POM Marks sufficient to bar use and registration of the WONDER FUEL mark, and sufficient to justify suing Plaintiff for trademark infringement and dilution.

33.     Through its counsel, POM has threatened to sue Plaintiff for trademark infringement and dilution, and to prevent Plaintiff from continuing to make its WONDER FUEL products.  As a result, a cloud hangs over Plaintiff's use and sale of products bearing the WONDER FUEL mark.

34.     POM frequently litigates trademark infringement and Lanham Act claims against entities that it accuses of infringing upon or otherwise damaging its marks.

35.     Plaintiff's use of the WONDER FUEL mark does not infringe on, dilute, or violate any federal or state trademark, trade name, or related rights of POM.

36.     Plaintiff's use of the WONDER FUEL mark will not infringe on, dilute, or violate any federal or state trademark, trade name, or related rights of POM.

37.     An actual and justiciable controversy within the meaning of 18 U.S.C. §§ 2201 and/or 2202 exists between Plaintiff and POM concerning the use and registration of the WONDER FUEL mark and the respective trademark rights of the parties.  A judicial determination is necessary and appropriate at this time in order to resolve the issues of the trademark rights of Plaintiff and the conflicting claims of POM, and in order that the parties may ascertain their respective rights and obligations if any.

38. Plaintiff does not engage in any activities, including the use of its WONDER FUEL mark, that harm or threaten POM in any way and is entitled to a declaration to that effect in this action.

## **PRAYER FOR RELIEF**

Plaintiff prays for final judgment as follows:

A. That this Court declare that Plaintiff's use, application and registration of the WONDER FUEL mark does not infringe on, dilute, or otherwise violate any valid right of Defendant POM under applicable federal or state law.

B. That this Court declare that Plaintiff's activities have not caused any harm to POM or unjust enrichment to Plaintiff.

C. That this Court declare that Plaintiff is not liable to POM.

D. That this Court direct the U.S. Patent and Trademark Office to register the WONDER FUEL trademark in Application Serial No. 91228174.

E. That, by way of further relief, this Court grant a permanent injunction enjoining and restraining POM and its officers, directors, agents, servants, employees, and attorneys, and those in active concert or participation with them, from directly or indirectly charging infringement, dilution, or other legal violation, or instituting any action for infringement, dilution, or other violation of alleged rights of POM in the POM Marks against Plaintiff or any of its agents, direct or indirect customers, or any person, by reason of the use or registration of Plaintiff's WONDER FUEL mark.

F. That this Court award to Plaintiff its reasonable costs, disbursements, and attorneys' fees incurred in defending its rights to the WONDER FUEL mark against the claims and allegations of POM.

G. That this Court grant such other and further relief as this Court may deem just and proper.

Dated: January 3, 2017

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By:   /s/ J. Noah Hagey
        J. Noah Hagey

Attorneys for Plaintiff
WHOLE E NATURE, LLC