UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHOLE E NATURE, LLC,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>THE WONDERFUL COMPANY, LLC,<br><br>　　　　　　　　Defendant. | Case No.: 17cv10-LAB (KSC)<br><br>**ORDER DENYING MOTION TO STAY OR DISMISS; AND**<br><br>**ORDER GRANTING MOTION FOR AWARD OF COSTS BUT DENYING REQUEST FOR STAY**<br><br>**[Docket Numbers 6, 8.]** |

Defendant The Wonderful Company, LLC ("TWC") filed a motion to dismiss or stay this declaratory relief action, on the grounds that the "case or controversy" requirement is not met and the Court therefore lacks jurisdiction. TWC also argues that Plaintiff Whole E Nature, LLC's filing of the suit amounts to impermissible forum shopping. TWC separately moved for an award of costs pursuant to Fed. R. Civ. P. 41(d), based on Whole E Nature's having filed and dismissed this action earlier in the Northern District of California. In its second motion, TWC argues that Whole E Nature unnecessarily filed its case in the wrong forum, imposing costs on TWC, and should bear those costs.

///

1

**Factual Background**

The parties both market bottled drinks. TWC markets its juice drinks using the trademarks POM WONDERFUL; POM WONDERFUL, A HELATHY DOSE OF WONDERFUL; and WONDERFUL. Whole E Nature markets its coconut-based drinks using the trademark WONDER FUEL.

According to the complaint, the parties' counsel were involved in a phone conversation in April of 2016. (Complaint, ¶ 17.) During that conversation, TWC's counsel allegedly demanded that Whole E Nature stop selling its products, and said they would seek an injunction against Whole E Nature's infringing use of the mark. (*Id.*) TWC's counsel also offered to allow Whole E Nature to sell off the products it had on hand, but said future sales might be the subject of a lawsuit for injunctive relief. (*Id.*) TWC's motion expresses skepticism about whether this conversation took place and attempts to minimize its significance, but stops short of denying it.

Then on May 31, 2016, TWC filed opposition papers in the U.S. Patent and Trademark Office (USPTO) challenging the WONDER FUEL mark. The opposition claims the WONDER FUEL mark infringed three of TWC's marks, and was likely to cause confusion as well as diluting TWC's marks. (*Id.*, ¶¶ 18–20.)

Whole E Nature initially filed a declaratory relief action in the Northern District of California. When TWC filed a transfer motion asking that the case be transferred to the Central District of California, Whole E Nature dismissed that case and refiled here.

**Judicial Notice**

In support of its motion to dismiss and its reply brief, TWC has requested judicial notice of five documents, all of which are pleadings filed either in US District Court or as records in the proceeding before the TTAB. Whole E Nature does not oppose the request, and in fact relies on several of the documents in its own opposition. Whole E Nature also filed a request (Docket no. 14) seeking judicial notice of five other documents of the same type, and TWC does not oppose the request. The documents are

///

the type which may properly be judicially noticed under Fed. R. Evid. 201, and the request is **GRANTED**.

**Legal Standards for Declaratory Relief**

Under the Declaratory Judgment Act, 28 U.S.C. § 2201, the Court has authority to "declare the rights and other legal relations" of parties to "a case of actual controversy." 28 U.S.C. § 2201. The "actual controversy" requirement is identical to Article III's "case of controversy" requirement. *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). A case of actual controversy exists when the dispute is "'definite and concrete,'" and can be addressed by "'specific relief through a decree of a conclusive character.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937)). All that is necessary for jurisdiction is that "'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id*. (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Trademark disputes involving claims for declaratory relief are justiciable when the plaintiff has a "real and reasonable apprehension that he will be subject to liability." *Chesebrough-Pond's, Inc. v. Faberge, Inc.*, 666 F.2d 393, 396 (9th Cir. 1982). As long as the allegedly infringing mark is currently in use, the apprehension "need not be substantial." *Societe de Conditionnement en Aluminium v. Hunter Eng'g Co., Inc.*, 655 F.2d 938, 944 (9th Cir. 1981). The question, at heart, is whether a plaintiff's perception of a threat is "real and reasonable." *Chesebrough-Ponds*, 666 F.2d at 396. To make this determination, the Court looks at the defendant's actions, "examined in view of their likely impact on competition and the risks imposed upon the plaintiff." *Id*.

TWC's motion represents a facial attack on standing. The Court therefore accepts as true all facts alleged in the complaint and draws all reasonable inference in the Plaintiff's favor. *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1155 n.1 (9th Cir. 2017). *See also Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1160 (9th

Cir. 2007) (holding that defendant's contention that it had not threatened to sue for infringement was not relevant at the pleading stage, and that the district court should have accepted factual allegations as true).

Assuming the Court has jurisdiction over a declaratory relief claim, the Court's exercise of that jurisdiction is discretionary, and is guided by factors set forth in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). The Ninth Circuit has supplemented these with several other factors. *Govt. Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998).

**Discussion of Declaratory Relief Claim**

TWC's motion argues there is no actual controversy. It also argues that two of the factors — whether the plaintiff was engaged in forum shopping, and whether the litigation would settle all aspects of the controversy or clarify the parties' legal relations — weigh against the Court's discretionary exercise of jurisdiction.

TWC's argument focuses narrowly on the threat of immediate litigation and liability — too narrowly, in the Court's view — rather than on the "reasonable apprehension" part of the equation. Other courts, faced with similar situations, have not hesitated to find a reasonable apprehension and an actual controversy.

While the mere filing a notice of opposition with the USPTO, without more, might not create a reasonable apprehension of litigation, what the opposition says may do so. In *Chesebrough-Ponds*, the Ninth Circuit looked closely at a letter threatening to file such an opposition, including its "likelihood of confusion" discussion, and concluded it amounted to a prima facie case for trademark infringement. That panel also rejected the suggestion that the filing of a notice of opposition was not enough to support jurisdiction over a declaratory judgment claim. *Id.* at 396.

In *Neilmed Prods., Inc. v. Med-Systems, Inc.*, 472 F. Supp. 2d 1178, 1180–81 (N.D. Cal., 2007), the court relied on the defendant's filing of an opposition to the plaintiff's trademark application. The court noted especially that (as here), the opposition made clear that it believed the applicant's mark infringed on and diluted its registered

mark. The court read that as a "veiled threat" to litigate in future; or, to put it another way, the defendant had invoked the language of trademark infringement. That, together with the fact that the defendant had not promised not to sue, was held sufficient to create a reasonable apprehension. Here, the facts favor a "reasonable apprehension" finding even more strongly because Whole E Nature has alleged TWC's counsel made actual threats to sue for injunctive relief. The *Neilmed* court also discussed *Chesebrough-Pond's* at length, explaining why it did not counsel a different result.

In *Active Lifestyle USA, LLC v. Old Navy, LLC*, 2012 WL 2951924, *2–*3 (C.D. Cal., July 16, 2012), the plaintiff had sent the defendant a cease and desist letter requesting that the defendant stop using a trademark related to one it had unsuccessfully tried to register. The defendant brought a counterclaim seeking declaratory judgment of non-infringement. The plaintiff had told the defendant that there was "not threat of suit," but would not agree to a covenant not to sue. *Id*. at *3. The court, noting the plaintiff's opposition to the defendant's applications that mentioned likelihood of confusion and damage to the plaintiff's goodwill, found a substantial controversy existed.

The recent decision in *Home Gear, Inc. v. Lanceberg Holdings, LLC*, 2016 WL 6804611, *3 (S.D. Cal., Nov. 16, 2016), concluded that "district courts have consistently held that a combination of TTAB opposition proceedings and infringement-alleging language in cease and desist letters" is enough to establish a reasonable apprehension of litigation. While this case involves demands and threats over the phone rather than a formal cease and desist letter, an allegation that TWC's counsel made the demands while discussing the dispute with Whole E Nature's counsel creates a similar level of apprehension. And in any case, the basis for apprehension is greater than in *Neilmed*, which was based solely on the content of a TTAB opposition.

In light of these precedents, and the more lenient standard used when the allegedly infringing mark is in incurrent use, *see Societe de Conditionnement en Aluminium*, 655 F.2d at 944, the Court finds that the alleged facts show Whole E Nature has a reasonable apprehension of litigation.

Turning to the question of whether the Court should exercise its discretion to entertain this action, the Court finds neither of TWC's contentions very persuasive. The TTAB is not a "forum" in the sense that courts are. Its decisions are not entitled to deferential review, but may be challenged by bringing a proceeding in district court. *See Rhoades,* 504 F.3d at 1163 (citations omitted).

Other courts have found it unremarkable that a plaintiff seeking declaratory relief would rather pursue claims in court rather than wait — often for quite a while — for the TTAB to render its non-final decision. *See, e.g., FN Cellars, LLC v. Union Wine Co.*, 2015 WL 5138173, *4 (N.D. Cal., Sept. 1, 2015) (holding that filing a declaratory relief action in district court during a TTAB registration proceeding did not amount to forum shopping); *Neilmed*, 472 F. Supp. 2d at 1182 (same). TWC points out that this Court would consider more information than the TTAB would be permitted to, suggesting that Whole E Nature would be obtaining an unfair advantage. See e.g. *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1128 (9th Cir. 2014) (considering trademarks in the context of their labels and containers). But while this may be an advantage, it does not amount to an unfair one. And in any event, at the end of the TTAB proceeding, Whole E Nature would be entitled to seek review in a district court anyway. This undercuts the suggestion that Whole E Nature is engaged in forum shopping, and suggests rather a motive to streamline the process.

With regard to whether this action would settle all aspects of the parties' controversy, this factor also does not counsel discretionary stay or dismissal. As the *FN Cellars* court noted, "A declaratory action is preferable to a TTAB action for addressing 'all aspects of the controversy' between the parties, because the TTAB cannot address a trademark non-infringement claim." 2015 WL 5138173 at *4 (citing *Dizol*, 133 F.3d at 1225 n.5). And although TWC argues that the TTAB is a superior forum because it can examine all the renditions of TWC's marks, there is nothing preventing this Court from doing the same. The Court is also mindful of the explanation in *Rhoades*:

///

> Allowing the district court to decline a declaratory relief action . . . is sensible only if the agency is better equipped to handle the action. Here, however, Congress has not installed the PTO as the exclusive expert in the field.

*Id*. at 1164. As *Rhoades* held, the belief in the TTAB's superiority as a forum is an inappropriate reason to decline to entertain a declaratory relief action. 504 F.3d at 1162.

The Court therefore exercises its discretion in favor of hearing this case.

**Motion for Costs**

Whole E Nature first brought its claims in the Northern District of California. After TWC filed a motion to dismiss or alternatively to transfer to the Central District of California, Whole E Nature voluntarily dismissed the action and refiled it here. TWC seeks an award of $2,108.00 as costs under Fed. R. Civ. P. 41(d), and asks that the case be stayed until Whole E Nature pays. Whole E Nature does not argue that the cases are different, but instead argues that its litigation choices were reasonable and accuses TWC of running up costs.

Rule 41(d) gives federal courts broad discretion to order the payment of costs, and to stay cases, though neither is mandatory. *Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996). The rule is intended to deter vexatious litigation and forum shopping. *Simeone v. First Bank Nat'l Ass'n*, 971 F.2d 103, 108 (8th Cir. 1992); *Esquivel*, 913 F. Supp. at 1386. Its purposes also include the protection of defendants from "the harassment of repeated lawsuits by the same plaintiff on the same claims." *Jurin v. Google Inc.*, 695 F.Supp.2d 1117, 1123 (E.D. Cal. 2010); *Hacopian v. United States Dept. of Labor*, 709 F.2d 1295, 1297 (9th Cir. 1983) (describing the "dangers of harassment and vexatious litigation . . . in cases covered by Rule 41(d)").

Faced with a request for costs under this rule, a plaintiff bears the burden of showing a persuasive explanation for its litigation choices. *Esquivel*, 913 F. Supp. At 1388. A defendant, on the other hand, only needs to show it incurred needless expenditures as a result of the plaintiff's actions. *Id*. In deciding whether to exercise its

///

discretion to award costs, the Court considers whether doing so is necessary to prevent prejudice to the defendant. *Id.* at 1387.

Whole E Nature's opposition contends that venue was "admittedly proper" in the Northern District of California, citing TWC's supposed concession "that it was subject to personal jurisdiction in the Northern District" set forth in TWC's Motion to Dismiss. (Opp'n (Docket no. 13) at 16:11–13.) Whole E Nature argues that a concession of personal jurisdiction is tantamount to a concession of venue.

The Motion to Dismiss does not appear to mean what Whole E Nature thinks it does, however. It mentions that TWC was "subject to personal jurisdiction in the Northern District of California" but in the same sentence says that venue was wrong. (Docket no. 8 at 3:18–20.) This is immediately followed by an explanation that neither party had its headquarters, employees, or documents in "Northern California".[1] The same document earlier used the term "personal jurisdiction" to refer to jurisdiction over the case (*i.e.*, authority to manage the case),[2] rather than jurisdiction over the parties. (*Id.* at 1:6–8.) Furthermore, these are isolated uses of the term; and that the construction Whole E Nature suggests is diametrically opposed to the whole of TWC's argument, both in this Court and in the Northern District, has been that the case had no connection at all to the Northern District. The circumstances strongly suggest this was nothing more than either inartful wording or a scrivener's error, and not a concession as Whole E Nature argues.

///

---

[1] This appears to be inartful drafting, and probably means the Northern District of California. But even if it means the region of Northern California, the effect is the same, because the Northern District is located in Northern California.

[2] The Northern District, even if it lacked personal jurisdiction over TWC, nevertheless had authority to transfer the case to a court that would have had personal jurisdiction over TWC, and where venue would have been proper. *See Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983) (citing *Goldlawr v. Heiman*, 369 U.S. 463, 466 (1961)). It is also possible the remark was merely the result of confusion and misuse of the term. *See Kontrick v. Ryan*, 540 U.S. 443 at 454–55 (2004) (noting the frequent misuse of the term "jurisdiction," even by courts).

Looking at the complaint filed in the Northern District (Docket no. 14-1, Ex. B), it is clear personal jurisdiction was improper there. Whole E Nature has its headquarters in this District, and TWC has its headquarters in the Central District of California, either of which would have been a proper forum. The only venue allegation is wholly conclusory: "Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this Complaint occurred in this judicial district." (Ex. B, ¶ 7.) The complaint pleads no facts to support this, and none of the events the complaint mentions appear to have occurred in the Northern District.

TWC's motion in the Northern District sought dismissal for lack of subject matter jurisdiction — not improper venue or lack of personal jurisdiction — and only requested transfer to the Central District as a matter of convenience. The motion did, however, argue that the case had "absolutely no connection with [the Northern] District and either of the parties." (Docket no. 14-1, Ex. C, at 1:14–17.) But that motion was never ruled on, because Whole E Nature voluntarily dismissed the action and refiled in this District.

TWC's proffered explanation for Whole E Nature's decisions is highly plausible. Whole E Nature's explanation that venue was proper in the Northern District is incorrect, and the Court does not agree with its assessment of the likelihood of transfer. Based on the pleadings and the documents of which the Court has taken notice, it appears Whole E Nature's first choice for a forum was the Northern District, where its counsel had their office, and its second choice was this District, where Whole E Nature's headquarters are located. The Central District, where TWC's headquarters are located, was a disfavored third choice. TWC's first choice, on the other hand, was continued proceedings before the TTAB, with the Central District as its second-choice forum. Given TWC's objections, the Northern District appears to have been its last choice.

Whole E Nature miscalculated by filing in the Northern District and failing to anticipate both TWC's objections and its transfer motion. It offered a compromise to TWC, in the form of a stipulated transfer to this District, which TWC (as was its right)
///

refused. Faced with the strong possibility[3] of a transfer to its third-choice forum, Whole E Nature dismissed and refiled here, in its second-choice forum, in order to obtain what TWC was unwilling to consent to.

By dismissing and filing a new case rather than risk the possibility of transfer, Whole E Nature imposed some costs on TWC. The Court finds this has unfairly prejudiced TWC, and that an award of costs is appropriate under Rule 41(d).

Courts are split on whether "costs of a previously dismissed action" can include attorney's fees. *See Platinum Logistics, Inc. v. Platinum Cargo Logistics, Inc.*, 2015 WL 11921401, *5 (S.D. Cal., Sept. 15, 2015) (noting a split of authority, but holding that attorney's fees are part of costs for Rule 41(d) purposes). In view of Rule 41(d)'s remedial purpose and discretionary nature, the Court believes treating fees as part of costs can be appropriate, and would be appropriate here. TWC asks that it be reimbursed for 3.4 hours of its counsel's time, representing the cost of filing the transfer motion in the Northern District. The Court finds both the time and hourly rate reasonable for this work, and **AWARDS** the requested $2,108.00 in attorney's fees.

In view of the relatively small amount at stake, the Court believes a stay would bring about needless delay and serve no useful purpose, and **DENIES** TWC's request for one. Instead, Whole E Nature is **ORDERED** to pay TWC the $2,108.00 by **Monday, October 30, 2017**. If Whole E Nature needs more time, it should seek an extension by joint motion (if possible) or by *ex parte* application. The Court is not inviting any

///

///

///

---

[3] Whole E Nature's pleadings characterize this motion as doomed. But in the Court's view, Whole E Nature's counsel would have been foolhardy to discount the likelihood. A transfer for convenience is discretionary, but is guided by certain factors, including the convenience of parties of interest and the "interest of justice". *Amazon.com v. Cendant Corp.,* 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005). In the Court's view, many district courts would have granted the transfer under these circumstances.

10

requests for reconsideration, so an *ex parte* application filed in response to this order should focus on why an extension is needed. See Standing Order, ¶ 4(j).

**IT IS SO ORDERED**.

Dated: September 22, 2017

Hon. Larry Alan Burns
United States District Judge